**No. 19.**—FORCE, BROTHERS & Co., plaintiffs in error, vs. THE DAHLONEGA TANNING and LEATHER MANUFACTURING Co., defendant in fi. fa., and D. H. MASON, affiant in illegality, defendant in error.

[1.] On the 4th of December 1841, the Legislature granted a charter to the Dahlonega Tanning and Leather Manufacturing Company, making the stockholders liable, as partners, for the debts of the corporation, and providing a summary remedy for the enforcement of the same. On the 10th day of the same month, they passed a general law, to facilitate the collection of debts against incorporations and the stockholders thereof.

*Held*, that the latter Act did not supersede or repeal the former; but was intended to apply to a different class of incorporations.

[2.] For a stockholder in a banking or other incorporation in this State, who is personally liable to discharge himself from liability for the notes or other contracts of such bank or other corporation upon a transfer of his stock, it is necessary under the Act of 1838, (*Cobb* 112,) that he should give notice once a month for six months, of such transfer, and immediately after the same is made in two newspapers in or nearest the place where such bank or other corporations shall keep their principal office; and even then, he is not exempt from the claim of a creditor who has given him written notice thereof within six months after the transfer is made.

[3.] Where a stockholder of a corporation is made individually liable upon an execution issuing against the corporation, he is entitled to the remedy by illegality, the same as any other defendant in *fi. fa.*

Illegality, from Lumpkin Superior Court. Decision by Judge TRIPPE, at August Term, 1856.

Force, Brothers & Co., obtained a judgment against the Dahlonega Tanning and Leather Manufacturing Company, and issued their *fi. fa.* which they caused to be levied upon a negro belonging to David H. Mason, one of the stockholders in said company. Mason filed his affidavit of illegality, denying that he was a stockholder at the commencement of plaintiffs' suit against said company, and denying that the *fi. fa.* could be levied upon his property, plaintiffs not having proceeded to obtain judgment against said company, as provided by Act of 10th December, 1841.

The Dahlonega Tanning and Leather Manufacturing Co., was incorporated by Act of the Legislature 4th December,

1841, which made the stockholders individually liable for the debts of the company, and authorized a *fi. fa.*, issued upon a judgment against the company, to be levied upon the property of any stockholder.

The Court sustained the illegality and ordered the levy to be dismissed, and plaintiffs excepted.

MARTIN, for plaintiffs in error.

UNDERWOOD, for defendant in error,

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The main and controlling question in this case is, whether the plaintiffs should have pursued their remedy, under the charter of the Dahlonega Tanning and Leather Manufacturing Company, granted on the 4th day of December, 1841, or under the general Act passed by the Legislature at the same session, and only six days thereafter, to facilitate the collection of debts against incorporations, and the stockholders thereof.

The former is in these words:

"An Act to incorporate certain persons under the name and style of the Dahlonega Tanning and Leather Manufacturing Company.

Whereas, David H. Mason, John D. Field, junior, James J. Field, Benjamin F. Swanton and Zelotes H. Mason, of the town of Dahlonega and county of Lumpkin, have formed themselves into a company, by the name of the Dahlonega Tanning and Leather Manufacturing Company, for the purpose of tanning and manufacturing the leather into the various articles to which leather is applicable, and the dressing and manufacture of furs: and whereas, for the more conveniently carrying on the operations of said Company the said persons desire an act of incorporation:

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same,* That the said David H. Mason, John D. Field, junior, James J. Field, Benjamin F. Swanton, and Zelotes H. Mason, and such persons as may hereafter become subscribers and stockholders in said company, and their successors and assigns, shall be, and they are hereby created and constituted a body politic and corporate, by the name and style of the Dahlonega Tanning and Leather Manufacturing Company; and by that name shall be, and they are hereby made able and capable in law, to have, receive, purchase, possess, enjoy, and retain, to them and their successors and assigns, lands, rents, tenements, hereditaments, goods, chattles and effects, of whatsoever kind or nature, or quality, the same may be; and the same to sell, grant, demise, alien and dispose of; to sue and be sued, plead and be impleaded, answer and be answered unto, defend and be defended, in any court of law or equity, or any other place whatever; to make and have a common seal, the same to break alter or amend at their pleasure; and also to ordain, establish and put in execution, such by-laws, rules and regulations, as shall be necessary and proper for the government of said corporation: *Provided,* they be not repugnant to the laws and Constitution of this State or the United States; and generally to do and perform all and singular such acts, matters and things as corporations may legally do and perform, for the purpose of carrying into effect the objects of the association : *Provided also,* the capital stock of said Company shall not exceed one hundred thousand dollars; and the privileges hereby conferred shall be held and enjoyed for the term of twenty years from the passage of this act, and no longer.

SEC. 2. *And be it further enacted by the authority aforesaid,* That the private property of the stockholders be bound for the payment of the debts of the Company.

SEC. 3. *And be it further enacted by the authority afore-*

*said,* That any *fieri facias* issued against said incorporation, may be levied and collected upon and out of the private property of any stockholder or stockholders in said incorporation.

SEC. 4. *And be it further enacted by the authority aforesaid,* That nothing in this corporation shall be so construed as to authorize said corporation to use and exercise Banking privileges."

The following is the latter act:

" An Act to facilitate the collection of Debts against Incorporations and the Stockholders thereof.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same.* That it shall and may be lawful for plaintiffs or complainants, within one month after the institution of any suit or suits at law or equity against any incorporation, joint stock or manufacturing company, to publish once a week for four successive weeks in some public gazette of this State, notice of the commencement of said suit or suits, and said publication shall operate as notice to each stockholder in said incorporation, joint stock or manufacturing company, for the purposes hereinafter mentioned.

SEC. 2. *And be it further enacted by the authority aforesaid,* That when notice has been given as aforesaid, and a judgment or decree has been obtained against any incorporation, joint stock or manufacturing company, where the individual or private property of the stockholders is bound for the payment of the whole or any part of the debts of said company, execution shall first issue against the goods and chattles, lands and tenements of said company; and upon the return thereof by the proper officer, with the entry " no corporate property to be found," endorsed thereon, that then, and in that case it shall be the duty of the clerk or other officer, upon application of the plaintiff, his agent or attorney,

accompanied with a certificate, as hereinafter directed to be obtained, forthwith to issue an execution against each of the said stockholders (if required) for their ratable part of the said debt and cost of suit, in proportion to their respective shares or other liabilities under their charter of incorporation.

Sec. 3. *And be it further enacted by the authority aforesaid*, That it shall be the duty of the president or presiding officer, by whatever name he may be designated, upon application of the plaintiff, his agent or attorney, forthwith to give a certificate, under oath, of the names of the stockholders in said company, and the number of shares owned by each at the time of the rendition of the judgment against said company.

Sec. 4. *And be it further enacted by the authority aforesaid*, That if upon application by the plaintiff, his agent or attorney, to the president or presiding officer as aforesaid, he shall refuse to give a certificate as aforesaid, or shall abscond or conceal himself to avoid giving the same, and oath being made by plaintiff, his agent or attorney of said refusal, the clerk or other officer is hereby required to issue execution against said president or presiding officer as aforesaid, for the amount of principal, interest and costs of said suit.

Sec. 5. *And be it further enacted by the authority aforesaid*, That if the president, directors or other officers of said company shall fail or refuse to defend said suit or suits, brought as aforesaid, any one or more of the stockholders of said company shall be permitted by the Court, before which said suit or suits is pending, to plead to and defend the same in as full and ample a manner as said company in its corporate character could plead to and defend the same.

Sec. 6. *And be it further enacted by the authority aforesaid*, That the defendant or defendants in execution, under the provisions of this act, shall be entitled to an illegality, under the same rules, regulations and restrictions as defen-

dants are in other cares under the existing laws of this State.

SEC. 7. *And be it further enacted by the authority aforesaid,* That this statute shall be understood and construed as cumulative of the common law; and that all laws and parts of laws militating against the same, and this construction thereof, be, and the same are hereby repealed."

Did the Assembly intend by this last Act, to supersede or repeal so much of the charter of the Tanning and Leather Manufacturing Company as militated against its provisions ?

It is unreasonable to suppose that the same body of men, should at the same session and within six days, either directly or by implication, do such a thing. By the charter, the stockholders are made liable as partners; and upon a judgment rendered against the corporation only. By the general law, a *pro rata* liability only is created; and a very different mode is prescribed for enforcing it.

Our conclusion is, that the last act is applicable only, perhaps, and was so intended, to those incorporations which made their members individually bound, though ratably only, for the corporation debts, and which do not contain, within themselves, a summary remedy for enforcing this personal liability, and that this general statute does not repeal the special act passed at the same session, upon the same subject.

[2.] Is the defendant a stockholder, and, as such, liable in his natural and private capacity, under the charter, for the creditor's debt? An issue was tendered by the plaintiff and refused by the Court, to establish the fact that he was not only one of the original stockholders, but continued to be such up to the time when the debt was contracted, and suit instituted.

That Mr. Mason was one of the original stockholders, is not denied. The act of incorporation recites the fact that the charter was granted to him and others therein named. He

made no attempt to show that he had ever transferred his stock in terms of the act of 1838, to regulate the settlements between the banking institutions of this State, and to define the liability of stockholders who shall transfer their interest therein, or other institutions.

The 2d section of that act declares that, "where the stockholders in any bank or other corporation are individually responsible under the charters thereof, and any such stockholder shall transfer his or her stock, he or she shall be exempt from all liability for the notes and contracts of such bank or other corporation, unless he or she receive written notice from any creditor thereof within six months after such transfer (in which case he or she shall not be exempt from such creditor's claim.) Provided, such stockholder shall give notice once a month for six months, of such transfer immediately thereafter, in two newspapers in or nearest to the place where such bank or other corporation shall keep the principal office," *Cobb* 112.

Under this act it would seem, the defendant is liable as a stockholder, unless he alleges and proves that he has discharged himself according to the provisions of this statute.

[3.] As to the other point made in the bill of exceptions, as to illegality being the proper remedy, we hold that as the execution against the corporation is made to operate against the stockholder, that he is so far a party to it as to be entitled to this remedy.

Judgment reversed.