## MASON AND FIELD, JR., vs. FORCE, BROTHERS & CO., et al.

1. As the Act of incorporation of the Dahlonega Tanning and Leather Company contains a personal liability clause as to stockholders therein, that liability continues, notwithstanding a transfer of the stock, unless the stockholder so transferring, shall discharge himself from liability, by a compliance with the provisions of 2d section of the Act of 29th December, 1838.
2. When a judgment is properly rendered against that incorporation, and execution legally issued, the same may be levied upon and collected out of the private property of any of the stockholders therein. No service of process upon, or notice of the suit to, the stockholders being required by that Act are necessary.

Illegality, in Lumpkin Superior Court. Tried before Judge RICE, at January Term, 1860.

Force, Brothers & Company, and others, creditors of the Dahlonega Tanning and Leather Manufacturing Company, brought suits and obtained judgments in Lumpkin Superior Court, against said incorporation. From these judgments, *fi. fas.* were issued and levied upon the private property of Zelotes H. Mason and David H. Mason as *stockholders* in said Company. The Masons filed affidavits of illegality to the *fi. fas.*, alleging that they were not stockholders in the Dahlonega Tanning and Leather Manufacturing Company at the time said suits were commenced, and the judgments were rendered from which the *fi. fas.* issued, and that they never had any notice of the suits, and had never been served with process therein. Issues were joined on these affidavits.

It was shown by the proof, that the suits were regularly brought, and prosecuted to judgment, and that the President, or head officer of the corporation, was served with process; that the Masons belonged to the original corporators, their names being mentioned in the charter; that they continued to own stock as late as 1843; the charter of incorporation was read in evidence, and the 2d section declares that "the private property of the stockholders shall be bound for the payment of the debts of the Company," and the 3d section declares that, "any *fieri facias* issued against the incorporation may be levied and collected upon, and out of the private

property of any stockholder, or stockholders, in said incorporation ;" it was also shown that David H. Mason transferred his stock in the Company one year and eight days before any of the suits were instituted ; and that Zelotes H. Mason also transferred his stock seven months and eighteen days before the commencement of any of the suits ; neither of the Masons gave notice of the transfer of stock in any newspaper.

The presiding Judge charged the jury that : "As the Act incorporating the Dahlonega Tanning and Leather Manufacturing Company provided that ' any *fieri facias* issued against the corporation, might be levied and collected upon and out of the private property of any stockholder, or stockholders, in the incorporation ' if the plaintiffs have shown a regular judgment against the corporation and a *fi. fa.* issued therefrom, and have also shown that Mason was a stockholder in that corporation, his private property is subject to levy and sale under the execution, notwithstanding he may have transferred his stock in the Company before the commencement of the suit, and *before the creation of the debt*, unless he gave notice once a month for six months of such transfer, and immediately after such transfer, in two newspapers in or nearest to the place where the principal office of the Company was kept at the time."

To this charge the Masons, by their counsel, excepted, and allege the same to be erroneous.

The jury found the issue in favor of the plaintiffs.

GEORGE N. LESTER, for plaintiffs in error.

MARTIN, by EZZARD, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

1. Were the plaintiffs in error stockholders in the Dahlonega Tanning and Leather Manufacturing Company, are liable as such for the debts of the Company ?  This question was made in a case between the same parties in 22 *Ga.*, 86, in which this Court held, that they were not only stockholders originally—for this fact appears in the charter—but that they were liable as such for the debts, unless they could allege and prove that they had been discharged from such liability

according to the provisions of the second section of the Act of 29th December, 1838, *Cobb*, 112, that is, by a transfer of their stock and a publication thereof in two newspapers in or nearest the place where the corporation kept its principal office, once a month for six months, immediately after such transfer. The plaintiffs did offer proof of the transfer of their stock in the company, but they did not show or attempt to do so, that they had published notice of such transfer in terms of that Act. And as the 2d section of the Act of incorporation of this company makes " the private property of the stockholders bound for the payment of the debts of the company," the question is settled that the plaintiffs, as stockholders, are liable for the debts of the company.

3. Where the plaintiffs entitled to personal services or notice of suits against the company before judgment, in order to render their individual property liable for seizures under executions against it? To determine this question, reference need only to be had to the Act of incorporation. By the 3d section of that Act it is enacted, " That any *fieri facias* issued against said incorporation, may be levied and collected, and out of the private property of any of the stockholders in said incorporation." Therefore, no such notice of the suit, or service of the process upon the stockholder, is required or was necessary by that Act. It is only necessary that execution should legally issue against the incorporation, that is, that the incorporation itself, not its members, should be legally served, a judgment property rendered against it. A *fieri facias* issued from such judgment might be levied and collected out of the private property of the stockholder. The Legislature clearly intended that a service on the incorporation should be good as against the stockholder, that a judgment and execution good as against the incorporation, should be such against the individual members thereof. Such is the enactment. The stockholders cannot complain. They accepted the charter, enjoyed its privileges, and they must now stand by all its terms and bear all its burdens. But what is the necessity of such service or notice? What plea or defense could the stockholders, as such, have made to the suits, had they been served, that the incorporation did not make or ought to have made? They are liable for the debts. These are debts, so declared to be by the judgment of the Court, and nothing more was necessary than to provide a means for

their enforcement.   This was done by *fieri facias.*   The same way precisely, and no other, that is provided by law for the enforcement of all other debts against other persons.

These are the only questions made in the record, and as there is no error, the judgment of the Court below must stand affirmed.